UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPH AMERICA, LLC, a Virginia company,<br><br>　　　　Plaintiff,<br><br>v.<br><br>APPLE, INC. *et al.*,<br><br>　　　　Defendants. | Case No.: 3:10-cv-00404-WQH-BLM<br><br>JURY TRIAL DEMANDED<br><br>**PARTIES' STIPULATION REGARDING ELECTRONIC DISCOVERY** |

I.　FILE FORMAT

All documents should be produced in single page TIFF image with corresponding load files that identify the Bates number ranges for the beginning and ending of each document, with the exception of source code, which shall be produced in its native format pursuant to the relevant provisions of the Protective Order.  Each party will also produce corresponding optical character recognition (OCR) files for its document production. If a document exists only in paper form, then a party may produce that document in paper form with the consent of the requesting party, which shall be not unreasonably withheld.  Any party may request that any financial information relating to the sales of any accused products be produced in electronic, searchable and manipulable format to the extent such format exists, such as Microsoft Excel spreadsheets, and such request will not be unreasonably denied.

II.　ELECTRONIC DISCOVERY

A. Format of Electronic Discovery

Subject to Sections I and III, electronic documents need not be produced in their native file formats, unless (1) a requesting party can show a justifiable need for a specific electronic document in its native format and it would not be unreasonable, unduly burdensome, or expensive for the producing party to provide the electronic document in this manner; or (2) the document is in a multimedia form (e.g., sound, graphics, animation and/or video). Where documents fall under exceptions (1) or (2) above, such documents shall be produced in their native format on non-rewriteable media such as DVD-ROMs or CD-ROMs. However, the Parties may later agree to produce certain information in native format to facilitate use by either side, or to make other agreements for their mutual convenience relating to the form and manner of production.

B. Collection Methods

The Parties need not employ forensic data collection or tracking methods and technologies, but instead may make electronic copies for collection and processing purposes using widely-accepted methods or methods described in manufacturers' and/or programmers' instructions, help menus, websites, and the like (e.g., .pst's, .zip's. etc.), except when and to the extent there is good cause to believe specific, material concerns about authenticity or spoliation exist with respect to specific documents and materials.

C. When Production is Not Required

The Parties need not search or produce electronic mail, electronic mail documentation, metadata (as used herein to refer to electronically stored information about a document that does not appear on the face of the original document if emailed or printed), audio information, or video information unless a requesting party can show a justifiable need for these secondary documents and it would not be unreasonable, unduly burdensome, or expensive for the producing party to provide the requested documents.

Materials retained primarily for back-up or disaster recovery purposes need not be searched or produced, and the Parties need not deviate from any back-up schedule or other

2

practice they normally follow with regard to preservation of such materials (e.g., recycling of back-up tapes conducted in the ordinary course of the Parties' business operations is permitted), except when and to the extent there is good cause to believe specific responsive information may have been lost, destroyed, or inadvertently deleted other than in accordance with a document retention policy, provided however that the party takes all other reasonable and necessary steps to ensure and comply with its obligations and duties to preserve evidence.

If a responsive document is located on a centralized server or network, an individual employee's computer, or otherwise located within a party's possession, custody or control, the producing party shall not be required to produce multiple copies of the same responsive document, absent a showing of good cause that the production of such additional copies is necessary, except where the document is part of, attached to, or comprises a section or segment of another document or has been modified.

III.   DOCUMENT RETENTION POLICIES

The Parties will exchange copies of relevant companywide document retention policies adopted or generally recognized as such; however, the Parties will not produce "litigation hold" notices, if any, that were prepared for purposes of this litigation.

IV.   MEDIA USED FOR PRODUCTION

Documents shall be exchanged as discussed in Part 1 on media such as DVD-ROMs, CD-ROMs, or portable hard drives.

V.   PASSWORD-PROTECTED OR ENCRYPTED FILES

Documents that are locked by a password or encrypted as they are kept in the ordinary course of business shall be produced in a form that is unlocked or decrypted.

VI.   ELECTRONIC SERVICE

The parties agree to accept service via electronic means (e.g., e-mail or facsimile). For documents that are not required by Local Rule 5.4(a) to be filed electronically with the Court's Electronic Filing System, service by electronic means after 11:59 p.m. Pacific Time shall be deemed service the next business day.

VII.   BEST EFFORTS COMPLIANCE

The parties shall make their best efforts to comply with and resolve any differences concerning compliance with this stipulation.  If a producing party cannot comply with any aspect of this stipulation, such party shall inform the requesting party in writing before the time of production as to why compliance with the protocol was unreasonable or not possible. No party may seek relief from the Court concerning compliance with the stipulation until it has conferred with the other party to this action.

SO STIPULATED

Dated: March 16, 2010

**Respectfully submitted**,

SPH AMERICA, LLC

BY COUNSEL

_____/s/_____
Robert G. Litts (SBN 205984)
Andrew Choung (SBN 203192)
Tae H. Kim (SBN 214684)
ECHELON LAW GROUP, PC
150 Spear Street, Suite 825
San Francisco, California 94105
Telephone: (415) 830-9462
Facsimile: (415) 762-4191
Email:  robert.litts@echelaw.com
Email:  andrew.choung@echelaw.com
Email:  tae.kim@echelaw.com

Lily Lim (SBN 214536)
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
3300 Hillview Avenue
Palo Alto, CA 94304-1203
Tel: (650) 849-6619
Fax (650) 849-6666
Email: Lily.Lim@finnegan.com

4

STIPULATION REGARDING ELECTRONIC DISCOVERY                        Case No.: 3:10-cv-00404

Allison Goddard (SBN 211098)
JACZKO GODDARD LLP
4401 Eastgate Mall
San Diego, California 92121
Telephone: (858) 404-9207
Facsimile:  (858) 225-3500

*Attorneys for Plaintiff SPH America, LLC*

**Respectfully submitted**,

MOTOROLA, INC.

BY COUNSEL

         /s/
Martha K. Gooding
Howrey LLP
4 Park Plaza, Suite 1700
Irvine, CA  92614
Tel: (949) 721-6900
Fax:  (949) 721-6910
Email: GoodingM@howrey.com

Jonathan E. Retsky, *pro hac vice*
Howrey LLP
321 North Clark, Suite 3400
Chicago, IL 60654
Tel: (312) 846-5648
Fax:  (312) 595-2250
Email: RetskyJ@howrey.com

Andrew R. Sommer, *pro hac vice*
Gregory J. Commins, Jr., *pro hac vice*
Howrey LLP
1299 Pennsylvania Ave NW
Washington, DC 20002
Tel: (202) 783-0800
Fax: (202) 383-6610
Email: SommerA@howrey.com
Email: ComminsG@howrey.com

*Attorneys for Motorola, Inc.*

1 | **Respectfully submitted**,

2 | PALM, INC.

3 | BY COUNSEL

5 |       /s/
Robert T. Haslam
Covington & Burling LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA  94065-1418
Tel:  (650) 632-4700
Fax:  (650) 632-4800
Email:  rhaslam@cov.com

Michael Markman
Covington & Burling LLP
One Front Street
San Francisco, CA  94111-5356
Tel: (415) 591-6000
Fax: (415) 955-6520
Email: mmarkman@cov.com

*Attorneys for Palm, Inc.*

**Respectfully submitted**,

PERSONAL COMMUNICATIONS DEVICES LLC

BY COUNSEL

          /s/
Patrick L. Prindle
Mulvaney, Kahan & Barry
401 West A Street, 17th Floor
San Diego, CA  92101-7994
Tel:  (619) 238-1010
Fax:  (619) 238-1981
Email:  pprindle@mkblaw.com

Frank A. Bruno *pro hac vice pending*
Thomas R. DeSimone *pro hac vice*
Gibbons P.C.
One Pennsylvania Plaza
New York, NY  10119-3701
Email:  fbruno@gibbonslaw.com
Email:  tdesimone@gibbonslaw.com

*Attorneys for Personal Communications Devices LLC*

**Respectfully submitted**,

UTSTARCOM, INC.

BY COUNSEL

_____/s/_____
Dana D. McDaniel (VSB No. 25419)
Spotts Fain PC
411 E. Franklin St, Suite 600
Richmond, VA 23219
Tel: (804) 697-2065
Fax: (804) 697-2165
Email: dmcdaniel@spottsfain.com

David S. Richman
Patricia S. Riordan
Theodora Oringher Miller & Richman
10880 Wilshire Boulevard, Suite 1700
Los Angeles, CA  90024
Tel:  (310) 557-2009
Fax: (310) 551-0283
Email:  drichman@tocounsel.com
Email:  priordan@tocounsel.com

*Attorneys for UTStarcom, Inc.*

**Respectfully submitted**,

ZTE CORPORATION and ZTE (USA), INC.

BY COUNSEL

        /s/
David E. Kleinfeld (SBN 110734)
Kurt M. Kjelland (SBN 172076)
Steven A. Moore (SBN 232114)
Nicole S. Cunningham (SBN 234390)
Foley & Lardner
11250 El Camino Real
San Diego, CA  92130
Tel: (858) 847-6700
Fax: (858) 792-6773
Email: ncunningham@foley.com
Email: kkjelland@foley.com
Email: dkleinfeld@foley.com
Email: samoore@foley.com

*Attorneys for ZTE CORPORATION and ZTE (USA), Inc.*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 16, 2010 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

/s/ Robert G. Litts_____
Robert G. Litts (SBN 205984)
Email:  robert.litts@echelaw.com

*Attorneys for Plaintiff SPH America, LLC*